IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DISABILITY RIGHTS MONTANA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN M. GOOTKIN, in his official capacity as Director of the Montana Department of Corrections; JIM SALMONSEN, in his official capacity as Warden of Montana State Prison <br><br> Defendants. | CV –15–22–BU–DWM <br><br><br><br> ORDER |

Plaintiff Disability Rights Montana represents prisoners with "serious mental illness who are confined to the Montana State Prison." (Doc. 49 at 2.) Plaintiff has sued Defendants Brian Gootkin and Jim Salmonsen in their official capacities ("Defendants") pursuant to 42 U.S.C. § 1983 for alleged ongoing violations of these inmates' rights under the Eighth Amendment to the United States Constitution. (Doc. 49 at ¶¶ 4–5; *see also* Doc. 63.) Both parties acknowledge that the prisoners' mental health features prominently in this litigation. To protect the inmates' personal health information, both parties have

1

moved for leave to redact certain aspects of the record. Those motions are discussed in turn.

## I.   Legal Standard

There exists "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, when there is an articulable "compelling reason" to seal records, certain records may be kept under seal. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Notably, "[c]ourts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records." *Cal. Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases).

## II.   Plaintiff's Motion to Redact

Plaintiff has moved to redact "the protected health information of inmates at Montana State Prison contained in several of the exhibits attached" to its summary judgment brief. (Doc. 76 at 2 (identifying Docs. 74-1, 74-2, 74-10, 74-13, 74-14, 74-18, 74-19, and 74-24).) Defendants oppose Plaintiffs' request, and while the filing is styled as a "response in opposition" to Plaintiffs' motion, that description does not precisely capture the essence of Defendants' position. (*See* Doc. 80.) Defendants do not oppose redaction of confidential health information, but they

2

instead oppose Plaintiff's "discussion" of such information in its summary judgment brief and statement of undisputed facts. (*Id.* at 2.) Accordingly, Defendants seek to "strike the improper discussion of confidential health care information in [Plaintiff's] briefing and order that any future discussion or extrapolation of offender health care information . . . be redacted and filed under seal." (*Id.*)

First, as noted above, Defendants do not argue that the information Plaintiff seeks to seal should be in the public docket. Thus, the sole question is whether the information Plaintiff seeks to file under seal meets the "compelling reason" standard. It does. Plaintiff's request demonstrates an appropriate amount of diligence in cabining the amount of redaction to allow as much information as possible to remain in the public docket. A review of the material Plaintiff seeks to redact shows that it is "personal health information," which is recognized as information that tips the scales in favor of filing under seal. *See Cal. Spine & Neurosurgery Inst.*, 2021 WL 1146216, at *3.

What remains, then, is Defendants' challenge to the "discussion" of this medical information in Plaintiff's summary judgment brief. Plaintiff is correct that, to the extent Defendants request that certain information be struck from Plaintiff's brief, the request is not specific. (Doc. 85 at 2.) Nonetheless, considering the request on the merits, it is not persuasive for several reasons. As a

3

threshold matter, because the litigation has progressed past the pleadings stage,

Federal Rule of Civil Procedure 12(f) does not govern Defendants' attempt to

strike information.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from *a*

*pleading* an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter.") (emphasis added).  Accordingly, Defendants' request is

essentially an objection to the discussion on the basis that it is unfairly prejudicial.

(*See* Doc. 80 at 1 ("Defendants strongly oppose Plaintiff['s] . . . attempt to use

offenders' privacy interests as both a sword and a shield.").)  Defendants'

objection is misguided.

The portion of the brief Defendants identify as improperly discussing private

healthcare information is limited, (*see* Doc. 80 at 2 (identifying Doc. 74 at 3–6, 24;

Doc. 75 at 3–6, 18)), involves a relatively superficial discussion of the inmates'

mental health histories and treatments compared to the quantity of information that

is redacted, and provides necessary context for the allegations at the foundation of

this case.  Additionally, contrary to Defendants' argument that they will not be able

to "publicly rebut[] those characterizations with actual evidence," (*id.*), Defendants

are free to rebut Plaintiff's discussion of the inmates' health histories and

treatments with information of their own.  If Defendants have concerns about such

rebuttal, they may seek to redact any information they believe may need to be

sealed, consistent with what Plaintiff has done here.

4

### III.   Defendants' Motions to Redact

Defendants have filed two motions related to redaction.  First, Defendants have moved unopposed to redact the health care information of Montana State Prison inmates in exhibits related to Defendants' Statement of Undisputed Facts. (Doc. 79 at 1.)  The report was prepared by Dr. Sally Johnson, and it includes a discussion of the mental health diagnoses and treatment for 25 of the inmates Plaintiff identified in discovery.  (*Id.* at 2.)  Specifically, "Defendants seek leave to file a redacted version of Dr. Johnson's report in the public record, and to file the unredacted exhibit with the Court under seal."  (*Id.*)

Defendants' request is a reasonable one. The redacted version of Dr. Johnson's report redacts roughly 45 pages of her 98-page report, and a comparison of this version with the sealed version reflects that the redaction is limited to the mental health diagnoses and treatment of Montana State Prison inmates. (*Compare* Doc. 83-5 at 61–103 *with* Doc. 84 at 61–103.)

Second, Defendants move for leave to file a redacted statement of disputed facts, and to file Exhibits A, E, F, and G to the statement of disputed facts under seal.  (Doc. 88 at 2.)  Defendants' motion indicates that Plaintiff has not indicated whether the request is opposed, but the information Defendants seek to redact and/or file under seal appears to be personal healthcare information that provides an appropriate basis for keeping that information off the public docket.

## IV.    Conclusion

Underlying both parties' requests for redaction is information related to

Montana State Prison inmates' mental health diagnoses and treatment.  The private

nature of such health information is a recognized "compelling reason" to seal it.

Accordingly,

IT IS ORDERED that Plaintiff's motion to redact, (Doc. 76), is GRANTED.

The redacted documents filed at (Docs. 74-1, 74-2, 74-10, 74-13, 74-14, 74-18, 74-

19, and 74-24) shall remain in the public record.  The complete versions of those

documents, (*see* Doc. 76), shall remain under seal.

IT IS FURTHER ORDERED that Defendants' motion to redact, (Doc. 79),

is GRANTED.  The redacted document filed at (Doc. 83-5) shall remain in the

public record.  The complete version of that document, (Doc. 84), shall remain

under seal.

IT IS FURTHER ORDERED that Defendants' motion to redact and file

under seal, (Doc. 88), is GRANTED.  The redacted document filed at (Doc. 90)

shall remain in the public record.  The complete version of that document, along

with Exhibits A, E, F, and G, shall remain under seal.

DATED this 23rd day of December, 2021.

_____
Donald W. Molloy, District Judge
United States District Court