IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DISABILITY RIGHTS MONTANA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN GOOTKIN, in his official capacity as Director of the Montana Department of Corrections; JIM SALMONSEN, in his official capacity as Warden of Montana State Prison, <br><br> Defendants. | CV 15–22–BU–DWM <br><br> ORDER |

Plaintiff moves for the admission of Kelsey C. Boehm to practice before this Court in this case with Alexander Rate to act as local counsel. (Doc. 94.) There are already seven other attorneys representing Plaintiff in this case. It is the practice of this Court to limit the number of counsel in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *cf. In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts.") (internal citation omitted). A surfeit of counsel impedes this

1

mandate by, *inter alia*, confusing points of contact for the opposing party. *Cf. United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) ("[C]ounsel from other jurisdictions may be significantly more difficult to reach . . . than local counsel."). Nothing in this limitation prevents counsel from using his or her firm resources and internal assignments to assure adequate representation for the client.

Accordingly, IT IS ORDERED that unless Plaintiff can show cause why additional counsel is necessary, Plaintiff is limited to the formal appearance of seven attorneys of its choosing. *See* L.R. 83.1(d)(2) (requiring local counsel). Counsel must make any offer to show cause on or before February 2, 2022.

DATED this 26th day of January, 2022.

_____
Donald W. Molloy, District Judge
United States District Court